UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAYMOND L INGRAM, <br><br> Plaintiff, <br><br> v. <br><br> STEEL WAREHOUSE CO LLC, <br><br> Defendant. | CASE NO. 3:23-CV-600-DRL-SJF |

**REPORT and RECOMMENDATION**

The undersigned issues the following report and recommendation based on Plaintiff's failure to respond to, or comply with, multiple court orders.

On October 17, 2023, the Court ordered the parties—including the Plaintiff, who is proceeding pro se—to file separate status reports by November 16, 2023, proposing case management deadlines to assist the Court in preparing a Rule 16(b) Scheduling Order. [DE 10]. Defendant timely filed its status report on November 10, 2023. [DE 11].

Plaintiff did not file a written status report as ordered. Instead, Plaintiff requested multiple extensions of the deadline to file a written status report because he needed to get his finances in order so that he could hire an attorney to represent him in this case. [*See* DE 12, DE 14, DE 18]. When the Court granted Plaintiff's third extension request, the Court explicitly warned Plaintiff that

> no further extensions will be granted absent extraordinary reasons. Extension requests because of delays in Plaintiff's financial ability to hire counsel will not constitute an extraordinary reason. Thus, if Plaintiff is unable to settle his finances and hire an attorney in time to submit a status report before the May 13, 2024, deadline, Plaintiff must plan to file a status report pro se. Failure to file a status report by this deadline may result in

sanctions, which *may* include the undersigned recommending dismissal of this case.

[DE 20 at 3 (emphasis added)].

Despite this warning, Plaintiff did not respond to the Court's April 2024 order. Accordingly, the Court ordered Plaintiff to show cause why sanctions should not be imposed for lack of compliance with the Court's previous order. [*See* DE 21]. The Court explicitly advised Plaintiff that it was his "last chance to comply with this Court's orders and engage with his case. Failure to respond to this order will result in the undersigned recommending dismissal of this case." [*Id.* at 2]. Plaintiff timely responded to that order, but not with a written status report. Instead, Plaintiff filed a letter explaining that he had "raised the money for an att[orne]y to represent [his] case" and asked the Court for another extension until the end of August. Plaintiff also stated that he would provide his attorney's information by July 22, 2024. [*Id.*].

No attorney appeared for Plaintiff by July 22, 2024. But, based on Plaintiff's representation that he had retained counsel, on July 29, 2024, the Court afforded Plaintiff one more chance to file a status report in compliance with the Court's original order dated October 17, 2023—so long as it was filed by August 9, 2024. The Court again warned Plaintiff that "this extension is Plaintiff's last chance. Failure to file a status report as ordered will result in the undersigned recommending dismissal of this case." [DE 23 at 3].

As of this date, Plaintiff has not filed a written status report as ordered by the Court on October 17, 2023, nor has Plaintiff filed any response to the Court's most recent order. Moreover, despite Plaintiff's statement that he hired counsel to represent

2

him in this case, no attorney has appeared. Plaintiff's multiple extension requests and failure to comply with three of the Court's orders—either by failing to respond to the Order [DEs 20 and 23] or by requesting an extension for a reason that the Court had already advised would not justify an extension [DE 22]—leave the Court little choice. The undersigned can only assume that Plaintiff has abandoned his instant claims against Defendant.

For these reasons, the undersigned **RECOMMENDS** that the Court DISMISS Plaintiff's case WITHOUT PREJUDICE for lack of prosecution and failure to comply with Court orders. *See* Fed. R. Civ. P. 41(b).

> **NOTICE IS HEREBY GIVEN that within fourteen (14) days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.**

**SO ORDERED** this 5th day of September 2024.

s/ Scott J. Frankel
Scott J. Frankel
United States Magistrate Judge